IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Temple, #274802, | ) | C/A No. 8:14-1366-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Chief Deputy Appellate Defense Counsel, | ) | |
| Wanda H. Carter; Paralegal Assistant, Sean | ) | |
| Glynn; Paralegal Assistant, Mike LNU; | ) | |
| Inmate Grievance Coordinator, FNU Thomas; | ) | |
| Warden, Joseph McFadden; Davidson & | ) | |
| Lindeman P.A.; ~~Responsible Official, John~~ | ) | |
| ~~Doe~~ Ann Hallman, in their individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Dennis Temple ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Lieber Correctional Institution ("Lieber"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

<u>Background</u>

Plaintiff brings this action seeking damages based on various alleged violations of his constitutional rights and state law claims. In the lengthy Complaint, Plaintiff alleges the following facts. He was detained in the Oconee County Detention Center beginning May 11, 2010, convicted of criminal charges by a jury on December 15, 2010, and sentenced to 100 years imprisonment which he is now serving at Lieber. [Doc. 1 at 6–8.] While at Lieber, he has been denied his right to practice his Nation of Islam religion. [*Id.* at 8–9.] He submitted several requests to staff member seeking a group service for the Nation of Islam religion, but it was not approved; thus, in December 2012, he filed a Step 1 grievance

about the denial of his requests for a group worship service. [*Id.* at 9.] He prepared a civil action to be filed in district court related to the denial of his right to practice religion, and because the South Carolina Department of Corrections ("SCDC") policy prohibits inmates from receiving photocopies of pleadings, he mailed it outside SCDC to attempt to obtain copies. [*Id.* at 10.] Also, he filed a civil action against Oconee County and certain officers of the Sheriff's Department related to the deprival of his rights during his time as a detainee at the Oconee County Detention Center. [*Id.* at 9.]

Wanda Carter ("Carter") represented Plaintiff during his direct appeal of his criminal state conviction, and she worked at the South Carolina Commission on Indigent Defense ("SCCID"). [*Id.* at 4, 10.] Sean Glynn ("Glynn") and Mike (last name unknown) ("Mike") also worked at the SCCID as paralegal assistants. [*Id.* at 4–5.] Carter permitted her paralegal assistants to provide Plaintiff with certain photocopies and copies of case law, and Plaintiff confirmed with Glynn during a telephone call that he would provide copies. [*Id.* at 11.] On September 5, 2013, Plaintiff mailed Glynn a pleading (request for admission) related to his civil action against Oconee County, and he requested thirty-two copies. [*Id.* at 12.] Via a telephone call with Mike one-week later, Plaintiff asked Mike to inform Glynn that Plaintiff had a court deadline related to the request for admission. [*Id.* at 13.] On September 11, 2013, Plaintiff mailed a pleading to Glynn related to a civil action to be filed in district court concerning the denial of his right to practice religion at Lieber, and he requested a copy be mailed to him. [*Id.* at 13–14.] His telephone calls with Carter "were cut off," and Plaintiff received in the mail the decision of the appellate court dismissing his appeal. [*Id.* at 14.]

2

Plaintiff wrote letters to Carter to request the return of his documents and copies, and on October 3, 2013, Plaintiff had another inmate give Carter a similar message. [*Id.* at 14–15.] On October 7, 2013, Plaintiff received the response to his Step 1 grievance related to group worship for Nation of Islam. [*Id*. at 15.] On October 17, 2013, Plaintiff received a package from Carter and Glynn returning his pleadings, and on December 5, 2013, he filed a complaint and other documents in the district court. [*Id.* at 15–16.] On December 30, 2013, Plaintiff "filed a complaint with the inmate grievance branch chief Ann Hallman[1] regarding the Step 1 grievance filed" related to Nation of Islam group worship. [*Id*. at 16.] On February 21, 2014, Davidson & Lindeman, P.A., filed an answer on behalf of the defendants, including Defendant McFadden, in the separate civil action related to religious discrimination at Lieber. [*Id.* at 6, 16.]

Based on these facts, Plaintiff alleges all Defendants conspired to withhold his legal documents to be presented in court and to reveal the contents to the parties without Plaintiff's consent. [*Id*. at 17.] He further contends all Defendants breached the attorney-client privilege, obstructed his right to petition the government, entered into a civil rights conspiracy, acted with deliberate indifference to violate his constitutional rights, committed criminal conspiracy in violation of the S.C. Code of Laws, and the state law tort of gross negligence. [*Id*. at 17–18.] Plaintiff contends that all Defendants violated his constitutional rights by failing to process certain SCDC grievances and by delaying the processing of certain SCDC grievances until after the Answer to the Complaint was filed in *Temple v.*

---

[1] Based on Plaintiff's response to this Court's Order dated April 29, 2014, this Court construed that Plaintiff intends to replace Defendant "Responsible Official, John Doe" with Defendant "Ann Hallman."

*Morrison*, C/A No. 8:13-3426-JFA-JDA (his civil action related to denial of group worship).

He seeks compensatory and punitive damages. [*Id*. at 23.]

<u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but

4

a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

<u>Discussion</u>

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Each of Plaintiff's claims based on federal question alleging violations of the Constitution should be dismissed for failure to state a claim on which relief may be granted. First, Plaintiff's allegations that Defendants failed to respond or improperly delayed

responding to his SCDC prison grievances do not state a cognizable constitutional claim. It is well settled that an inmate's access to and participation in a prison's grievance process are not constitutionally protected.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009).  Thus, even assuming certain Defendants improperly delayed or failed to respond to Plaintiff's grievances, such conduct does not violate the Constitution.  To the extent Plaintiff contends that Defendants' violation of SCDC policies related to the prison grievance process is actionable, Plaintiff still fails to state a claim on which relief may be granted because a violation of prison rules and policies does not state a cognizable § 1983 claim.  *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (finding that violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corr.*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. March 21, 2007) (noting that the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation).

Plaintiff's claims against Carter, Glynn, Mike, and Davidson & Lindeman, P.A. do not state cognizable claims pursuant to § 1983 because those Defendants did not act under color of law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  Those Defendants are alleged to be a private law firm, or attorneys or paralegals employed by the SCCID.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th

Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). Here, Plaintiff's allegations against Carter, Glynn, Mike, and Davidson & Lindeman, P.A., do not plausibly indicate any state action; thus, those Defendants should be dismissed for failure to state a claim on which relief may be granted.

Although Plaintiff indicates that he brings suit against all Defendants for gross negligence, it is well settled that negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient).

Plaintiff's claim for civil conspiracy to violate his constitutional rights also fails to state a plausible claim. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the

> plaintiff as (5) a consequence of an overt act committed by the
> defendants in connection with the conspiracy.

*A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons*

*v. Poe*, 47 F.3d 1370, 1376 (4th Cir.1995)).  "[W]e have specifically rejected section 1985

claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the

absence of concrete supporting facts."  *Id*. (quoting *Simmons*, 47 F.3d at 1376).  Here,

Plaintiff seems to believe that due to the timing of when he received his pleadings in the

mail returned by SCCID and the filing of the Answer by Davidson & Lindeman in his other

civil case that they must have shared Plaintiff's information and breached his attorney-

client privilege.  However, Plaintiff does not allege that Defendants are motivated by a

specific class-based, invidiously discriminatory animus.  Instead, Plaintiff's facts indicate

that certain Defendants were attempting to help him obtain copies of civil pleadings even

though they only represented him in his criminal case, and they apparently grew weary of

his copy requests.  Thus, Plaintiff does not plausibly allege a conspiracy to violate his civil

rights.

Additionally, this action should be dismissed in part based on Eleventh Amendment

immunity.  Although Plaintiff alleges that he brings suit against Defendants in their official

capacities, Thomas, McFadden, and Hallman, who were allegedly employed with the

SCDC, cannot be sued in their official capacities for damages.  The Eleventh Amendment

prohibits federal courts from entertaining an action against a state.  *See, e.g.*, *Alabama v.*

*Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134

U.S. 1, 10–11 (1890).  Further, Eleventh Amendment immunity "extends to 'arm[s] of the

State,' including state agencies and state officers acting in their official capacity," *Cromer*

*v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).  Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983.  *Id.*

Lastly, although Plaintiff's state law claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims, *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998), 28 U.S.C. § 1367(c) permits federal courts to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."   Because it is recommended that the constitutional claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to § 1367(c)(3).  *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

<u>Recommendation</u>

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**


                                        s/ Jacquelyn D. Austin
                                        United States Magistrate Judge

June 3, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).